William R. Walz [SBN 136995]
ww@inhouseco.com
Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Theodore S. Lee [SBN 281475]
Tlee@inhouseco.com
INHOUSE CO.
7700 Irvine Center Drive, Suite 800
Irvine, CA 926181364
Tel:408-918-5393
Fax:714-882-7770

Attorneys for Defendant
FOREVER LINK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHOETOPIA, INC., a California Corporation; FOREVER LINK INTERNATIONAL, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:20-cv-07575-FMO-PD<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANTFOREVER LINK INTERNATIONAL, INC.**<br><br>**Honorable Fernando M. Olguin**<br><br>Complaint Filed: August 20, 2020 |

# ANSWER

COMES NOW Defendant, Forever Link International, Inc. ("Forever Link" or "Defendant"), by and through counsel, hereby answers the Complaint filed by Plaintiff, Deckers Outdoor Corporation ("Deckers" or "Plaintiff"), as follows, with each numbered paragraph below corresponding to the similarly numbered paragraph in the Complaint. Unless expressly admitted, all allegations in the Complaint are denied.

## JURISDICTION AND VENUE

1. This paragraph contains only argument, to which no response is required.

2. Forever Link admits that this Court has subject matter jurisdiction over the federally claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy. Forever Link denies the substance of all alleged claims.

3. Forever Link admits that this Court has personal jurisdiction over Defendant. Forever Link denies the substance of all alleged claims.

4. Forever Link admits that Venue is proper. Forever Link denies all allegations contained in this paragraph as they pertain to it, and particularly denies that it has committed any wrongful acts of infringement in California or elsewhere.

## THE PARTIES

5. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

6. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

7. Admitted.

ANSWER AND COUNTERCLAIM OF DEFENDANT FOREVER LINK INTERNATIONAL, INC.
2:20-cv-07575-FMO-PD

8. Plaintiff fails to make individualized factual allegations concerning the "Doe" defendants sufficient to permit Forever Link to ascertain their identities, and instead refers to them as an indistinguishable and unidentifiable group, which is improper. *See Rhue v. Signet Domain LLC*, 2015 WL 4111701, *5 (C.D. Cal. 2015) Forever Link thus lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Forever Link notes that the factual allegations of the paragraph are irrelevant because Plaintiff has not alleged that Forever Link has infringed upon any of the "distinctive" brands allegedly owned by Plaintiff (*e.g.*, "UGG").

10. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

11. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

12. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

13. Forever Link denies that any product it sells infringes on any rights Plaintiff claims to own.

14. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

15. Forever Link admits it imports, advertises markets, distributes, offers for sale, and sells footwear products under its "FOREVER" brand.

16. Although Forever Link admits it sells footwear products, it does not sell any footwear products that infringe Plaintiff's alleged trade dress or patent rights. Therefore, Forever Link does not sell any "Accused Products" as defined by Plaintiff in Paragraph 13.

17. Forever Link admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "permission" would be required.

18. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Forever Link does not sell any "Accused Products" as defined by Plaintiff in Paragraph 13. Furthermore, although the product shown in the photo appears similar to one Forever Link sells, Forever Link would need to inspect the product to be sure.

19. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Although Forever Link admits it sells footwear products, it does not sell any footwear products that infringe Plaintiff's alleged trade dress or patent rights.

20. Forever Link denies all of the allegations in this Paragraph.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125 (a))

21. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

22. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. As to the allegations in the second sentence, Forever Link notes that the trade dress for a product design can never be "inherently distinctive." *Wal-Mart Stores, Inc. v Samara Bros.*, 529 U.S. 205, 212 (2000). Accordingly, Plaintiff's claim that its UGG® Fluff Yeah Slide (the "Slide" or "Slides") is "inherently distinctive" is denied.

Plaintiff has also failed to clearly articulated and defined the elements of the trade dress in which it supposedly claims rights, *cf., e.g., Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, *3 (C.D. Cal. 2014)). Initially in Element (a), Plaintiff merely asserted in a statement that amounts to pure puffery and cannot be considered as an element of a trade dress. Thereafter, Plaintiff lists the basic elements of a "slipper" in Elements (b) through (e) with a functional strap in Element (f). Plaintiff's attempt to clearly articulate and define the elements of its trade dress is legally insufficient. *Cf. Deckers Outdoor Corporation v. Fortune Dynamic, Inc.*, 2015 WL 12731929, * 3 (C.D. Cal. 2015) (finding a statement such as that found in Element (a) "too general" to give fair notice of the scope of the alleged trade dress). Finally, Forever Link denies that each of the listed elements (a) through (f) is "non-functional" as asserted by Plaintiff.

23. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Further, Plaintiff's assertion that the photographs shown in the paragraph are "examples of its distinctive appearance as a whole" of its trade dress, merely emphasizes the disconnect between Plaintiff's allegations and the actual design of the footwear. Clearly, Plaintiff has purposely left out the most conspicuous feature in its recitation of its trade dress—the large ribbings or ribbed sections on the vamp (the "Ribbed Vamp") of the Slides as illustrated in Plaintiff's exemplary product as shown below:



Large ribbings dividing the vamp into several sections

24. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Moreover, each sentence in the paragraph contains only argument, to which no response is required.

25. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Moreover, Plaintiff has failed to fully define the elements of its trade dress in Paragraph 22. To the extent that the products like those shown in Paragraph 23 represent "the embodiment" of the asserted trade dress, Plaintiff has purposefully excluded the "Ribbed Vamp" from its recitation of the elements of its design.

26. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Further, it is improper for Plaintiff to rely on allegations relating to the design of a product in which Plaintiff has purposefully excluded an element (the "Ribbed Vamp").

27. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same. Forever Link again reiterates the same concerns as previously raised about Plaintiff relying on a commercial product as proof that its trade dress has allegedly achieve consumer recognition or otherwise acquired distinctiveness, despite the fact that its the commercial product obviously features an element—the Ribbed Vamp—that the trade dress clearly lacks, as defined by Plaintiff in Paragraph 13.

28. Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations in the paragraph, and therefore denies the same.

29. Forever Link denies all of the allegations in this Paragraph. Furthermore, as defined by Plaintiff in Paragraph 13, Forever Link does not sell any "Accused Products."

30. Forever Link admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "permission" would be required. Forever Link admits that there are numerous other shoe designs in the footwear industry, including well-known standard designs such the slippers shown below in which Plaintiff appears to be claiming rights:



As shown above, both designs could be described by the elements as defined by Plaintiff in Paragraph 22, including a platform (Element (b)), with "a furry footbed and furry perimeter sides" (Element (c)), "a wide vamp having a furry exterior" (Element (d)), and "an open toe" (Element (e)). Other than Plaintiff's vague claim in its purported "Element (a)" for "a statement shoe made famous by the UGG® brand—a feature that does not constitute an element—the only description it lacks is the "elastic heel strap extending from one side of the vamp to the other"—an "element" that is clearly and demonstrably functional for the purpose of preventing the shoe from sliding off the wearer's foot.

31. Forever Link denies all of the allegations in this Paragraph.

32. Forever Link denies all of the allegations in this Paragraph.

33. Forever Link denies all of the allegations in this Paragraph.

**ANSWER AND COUNTERCLAIM OF DEFENDANT FOREVER LINK INTERNATIONAL, INC.**
2:20-cv-07575-FMO-PD

## SECOND CLAIM FOR RELIEF

**(Trade Dress Infringement – California Common Law)**

34. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

35. Forever Link denies all of the allegations in this Paragraph.

36. Forever Link denies all of the allegations in this Paragraph.

37. Forever Link denies all of the allegations in this Paragraph.

38. Forever Link denies all of the allegations in this Paragraph.

39. Forever Link denies all of the allegations in this Paragraph.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et. seq*.)**

40. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

41. Forever Link denies all of the allegations in this Paragraph.

42. Forever Link denies all of the allegations in this Paragraph.

43. Forever Link denies all of the allegations in this Paragraph.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition – California Common Law)**

44. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

45. Forever Link denies all of the allegations in this Paragraph.

46. Forever Link denies all of the allegations in this Paragraph.

47. Forever Link denies all of the allegations in this Paragraph.

48. Forever Link denies all of the allegations in this Paragraph.


INHOUSE CO. LAW FIRM

49. Forever Link denies all of the allegations in this Paragraph.

**FIFTH CLAIM FOR RELIEF**

**(Patent Infringement – U.S. Pat. No. D866,941)**

50. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

51. Forever Link admits only that a document purporting to be a copy of U.S. Pat. No. D866,941 was attached as Exhibit A. Forever Link notes that the asserted patent as provided by Plaintiff clearly shows the "Ribbed Vamp," which the Plaintiff conveniently leaves out of its recitation of its trade dress. Forever Link further notes that the Ribbed Vamp is the most salient part of the design as reproduced and shown here:



Forever Link lacks knowledge or sufficient information to form a belief as to the truth or falsity of the remaining allegations in the paragraph, and therefore denies the same.

52. Forever Link lacks sufficient information to admit or deny the allegations of the paragraph, and therefore denies the same.

53. Forever Link denies all of the allegations in this Paragraph.

54. Forever Link admits that it is not licensed by Plaintiff to sell any footwear, but denies that any such "permission" would be required. Forever Link denies all of the remaining allegations in this Paragraph.

55. Forever Link denies all of the allegations in this Paragraph.

56. Forever Link denies all of the allegations in this Paragraph.

57. Forever Link denies all of the allegations in this Paragraph.

## ADDITIONAL DEFENSES

58. Forever Link reserves the right to assert additional defenses based on information learned or obtained during discovery.

## PRAYER FOR RELIEF

Forever Link International, Inc. denies that Deckers is entitled to any relief whatsoever, and requests that the Court deny all relief to Deckers.

## REQUEST FOR ATTORNEYS' FEES—TRADE DRESS

Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117(a)), Forever Link respectfully requests that it be awarded its reasonable attorneys' fees for having to defend against this meritless trade dress action. No reasonable trier of fact could find that Plaintiff possesses any trade dress rights relating to "Fluff Yeah Slides" without considering the "Ribbed Vamp" feature or element, which Plaintiff purposely failed to include in its definition of its alleged trade dress in Paragraph 22 in an attempt to fit a square peg into a round hole.

Even if, assuming *arguendo*, that Plaintiff had rights in the <u>actual design</u> represented by its commercial product (rather than in Plaintiff's alleged definition without including the "Ribbed Vamp" element), Plaintiff's trade dress action would still be meritless because that Defendant does not sell any product that includes the "Ribbed Vamp" element.

Plaintiff's attempt to broaden out its claim of right in an unregistered trade dress and to come after those who sell products (such as Forever Link) that lack the most prominent and, most importantly, the only feature that could *possibly* distinguish Plaintiff's commercial goods from the hundreds if not thousands of other similar, furry "slides" that are wide known and that have been sold for years is an untenable position. As such, this case is "exceptional" as defined and required by Section 35 of the Lanham Act. Without including the "Ribbed Vamp" element in its trade dress claim, Plaintiff cannot establish any rights; and if the "Ribbed Vamp" element is included in Plaintiff's recitation of its trade dress (as it should be), there can be no infringement as Forever Link does not sell footwear with Ribbed Vamp.

## REQUEST FOR ATTORNEYS' FEES—PATENT

Pursuant to Section 285 of Title 35 (35 U.S.C. § 285), Forever Link respectfully requests that it be awarded its reasonable attorneys' fees for having to defend against this meritless patent infringement action. Indeed, Plaintiff's asserted patent features either common elements found in any number of footwear products, including those qualifying as "prior art" or elements that are purely functional (a "heel strap") and as such str disregarded in the claim construction process, *see, e.g., Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010). The most prominent feature, which is also the only arguably patentable element, claimed in Plaintiff's asserted patent is the "Ribbed Vamp."

Defendant, however, does not sell any product that includes the "Ribbed Vamp" feature; therefore, no reasonable trier of fact could find infringement of the Asserted Patent. This is clearly a case of Plaintiff grasping at straws to broaden its patent claim in an effort to stifle competition, despite knowing that Defendant's goods do not use the only arguably patentable element disclosed in the Asserted Patent. As such, Defendant's actions make this case "exceptional" as required by Section 285.

# REQUEST FOR FURTHER RELIEF

In addition to the relief requested above, Forever Link respectfully requests that judgment be entered in favor of Forever Link on all counts and that it is awarded any further relief as the Court may deem appropriate.

# FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer as affirmative defenses, Forever Link International, Inc. denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### First Affirmative Defense

### (Failure to State a Claim)

1. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Functionality)

2. The claims made in the Complaint are barred, in whole or in part, on the basis that any trade dress at issue are functional.

### Third Affirmative Defense

### (Innocent Infringement)

3. The claims made in the Complaint are barred, in whole or in part, because infringement, if any, was innocent.

**Fourth Affirmative Defense**

**(Laches)**

4.  Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite full awareness of Forever Link's actions.

**Fifth Affirmative Defense**

**(Waiver, Acquiescence, and Estoppel)**

5.  Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

**Sixth Affirmative Defense**

**(Non-Infringement of Patent)**

6.  Forever Link does not directly or indirectly infringe on any valid and enforceable claim of any patent rights of Plaintiff related to the D886,941 patent, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

**Seventh Affirmative Defense**

**(No Willful Infringement)**

7.  Forever Link is not liable for punitive or exemplary damages because neither Forever Link nor its officers, directors, or managing agents acted intentionally or willfully to commit any infringing acts.

**Eighth Affirmative Defense**

**(No Damage)**

8.  Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Forever Link in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Ninth Affirmative Defense

### (Lack of Irreparable Harm)

9. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Forever Link's actions.

### Tenth Affirmative Defense

### (Adequacy of Remedy at Law)

10. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### Eleventh Affirmative Defense

### (Duplicative Claims)

11. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### Twelfth Affirmative Defense

### (Invalidity)

12. Plaintiff's claims of patent infringement are each invalid for failure to meet the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

### Thirteenth Affirmative Defense

### (No Punitive Damages and No Attorney's Fees or Costs)

13. Plaintiff has not alleged facts, and Forever Link has not engaged in the type of conduct, which would entitle Plaintiff to an award of punitive damages, statutory fees, attorneys' fees or costs against Forever Link.

**Fourteenth Affirmative Defense**

**(Non-Distinctive)**

14. Plaintiff's trade dress is non-distinctive.

**Fifteenth Affirmative Defense**

**(Non-Infringements of Trade Dress)**

15. Forever Link does not directly or indirectly infringe of any valid and enforceable claim of any trade dress rights of Plaintiff as there is no likelihood of confusion.

# COUNTERCLAIM

# OF FOREVER LINK INTERNATIONAL, INC.

### (Declaratory Judgment of invalidity and non-infringement

### of Deckers' alleged trade dress)

16. Forever Link brings this Counterclais against Deckers pursuant to Rule 13 of the Federal Rules of Civil Procedure and seeks determination that Deckers' trade dress claims is meritless.

17. Forever Link incorporates by reference its responses contained in the preceding paragraphs of this Answer as if fully set forth in this paragraph.

18. This is a cause of action for declaratory judgment that Deckers' alleged trade dress is not valid or protectable and that Forever Link's footwear do not infringe Deckers' purported trade dress rights. This Court has subject matter over this cause of action pursuant to 28 U.S.C. §§ 1131, 1138(a), 2201, and 2202.

19. A justiciable case or actual controversy has arisen and exists between Deckers and Forever Link because in the Complaint filed in the present action, Deckers has alleged that it has a valid and protectable trade dress and that Forever Link's footwear infringe Deckers' purported trade dress rights.

20. Deckers' alleged trade dress is functional and therefore not protectable as trade dress.

21. Deckers' alleged trade dress is also aesthetically functional and is therefore not protectable as trade dress.

22. Forever Link seeks a declaration that Deckers' trade dress is invalid and unenforceable because it is functional, including aesthetically functional and therefore that Forever Link's footwear cannot and do not infringe Deckers' purported trade dress.

23. Even assuming Deckers could establish non-functionality, Deckers' alleged trade dress is not inherently distinctive as a matter of law and has not acquired secondary meaning in the minds of consumers as indicating a single source, affiliation, or sponsorship.

24. Deckers' alleged trade dress does not serve as a source-indicator due to the prevalence of third-party footwear exhibiting features claimed by Deckers to indicate source.

25. Because Deckers does not have a valid and protectable trade dress, Forever Link's advertisement, distribution, and sale of its shoes cannot constitute unfair competition or infringement of Deckers' trade dress rights.

26. Forever Link's footwear contains prominent marking of its shoes with its trademarks and therefore precludes any likelihood of confusion as to the source or other affiliation of Deckers' shoes.

27. Even if Deckers does have some valid trade dress interest in its shoes, Forever Link's footwear do not infringe Deckers' purported trade dress rights.

28. To the extent that any similarity exists between Forever Link and Deckers shoes, those similarities are based on functionality and/or are common design elements used by third parties such that there is no source-identification arising therefrom.

DATED:  November 12, 2020      INHOUSE CO.

By:  /s/ Theodore S. Lee
William R. Walz, Esq.
Alexander Chen, Esq.
Theodore S. Lee, Esq.
***Attorneys for Defendant
Forever Link International, Inc.***