Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Mark S. Zhai (SBN 287988)
mzhai@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

William R. Walz [SBN 136995]
ww@inhouseco.com
Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Theodore S. Lee [SBN 281475]
Tlee@inhouseco.com
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, CA 926181364
Tel:408-918-5393
Fax:714-882-7770

*Attorneys for Defendant*
*Forever Link International, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHOETOPIA, INC., a California Corporation; FOREVER LINK INTERNATIONAL, INC., a California Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.2:20-cv-07575-FMO (JEMx) <br><br> **JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE** <br><br> **Scheduling Conference** <br><br> Date:      February 11, 2021 <br> Time:      10:00 a.m. <br> Courtroom: 6D <br><br> **Hon. Fernando M. Olguin** |

1    Pursuant to the Court's Order Setting Scheduling Conference (Dkt. No. 17),
2    Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") and Defendant
3    Forever Link International, Inc. ("Defendant" or "Forever Link") (collectively, the
4    "Parties") hereby submit this Joint Report on all matters in the Court's Order, including
5    those required to be discussed by Rule 26(f) and Local Rule 26-1.  The positions set
6    forth in this Joint Report are based on counsels' current understanding of the legal and
7    factual issues involved in the case.  The Parties acknowledge that as discovery proceeds
8    and the case progresses, the beliefs and views set forth herein may change or evolve.

9    **A.    STATEMENT OF CASE**

10    On August 6, 2020, Plaintiff filed the present action against Defendants
11   Shoetopia, Inc. and Forever Link International, Inc., asserting causes of action for: (i)
12   infringement of Deckers' "Fluff Yeah Trade Dress" under the Lanham Act; (ii) trade
13   dress infringement under California common law;(iii) unfair competition in violation of
14   Cal. Bus. & Prof. Code § 17200 *et. seq.*; (iv) unfair competition under California
15   common law; and (v) infringement of Deckers' design patent embodying its UGG®
16   Fluff Yeah Slide, U.S. Pat. No. D866,941("the '941 Patent")—all allegedly arising from
17   Defendants' alleged manufacture, importation into the U.S., marketing, distribution in
18   commerce, offer for sale, and/or sale certain footwear products that allegedly infringe
19   the Fluff Yeah Dress and/or the '941 Patent (the "Accused Products"), an exemplar of
20   which shown in ¶ 18 of Deckers' Complaint. After Plaintiff and Defendant Shoetopia
21   reached a settlement, Shoetopia dismissed from this Action with prejudice on December
22   9, 2020. (Dkt. No. 23.)  Defendant Forever Link filed its Answer and Counterclaim
23   against Deckers on November 12, 2020 (Dkt. No. 16).

24   **B.    SUBJECT MATTER JURISDICTION**

25    This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims
26   under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). This Court has
27   supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28
28   U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that

**JOINT RULE 26(F) REPORT**
2:20-cv-07575-FMO (JEMx)

they form part of the same case or controversy and derive from a common nucleus of operative facts.

**C.**  **LEGAL ISSUES**

    1.    Whether the Accused Products allegedly manufactured, distributed, offered for sale, and/or sold by Defendant bear confusingly similar reproductions of Deckers' Fluff Yeah Trade Dress such that there is a likelihood of confusion between Deckers and Defendant and/or their respective products.

    2.    Whether the Accused Products allegedly manufactured, distributed, offered for sale, and/or sold by Defendant bear a design that is substantially the same as the design in the '941 Patent in the eye of an ordinary observer, giving such attention as a purchaser usually gives.

    3.    Whether Deckers' design patent infringement claims are barred because the '941 Patent is invalid or unenforceable.

    4.    Whether Deckers has met its burden to prove that the Fluff Yeah Trade Dress is non-functional and that it has acquired secondary meaning.

    5.    Whether Defendant acted knowingly, intentionally, and/or willfully, with knowledge of Deckers' trade dress or patent in the manufacture, distribution, offer for sale, and/or sale of the Accused Products.

    6.    Whether Deckers is entitled to monetary damages and/or equitable relief in the event Defendant is found to be liable for the claims alleged.

**D.**  **PARTIES AND EVIDENCE**

    The remaining Parties to this Action are Deckers Outdoor Corporation and Defendant Forever Link International, Inc. As of the date of this filing, the Parties intend to call witnesses with discoverable information regarding the issues in dispute and allegations in support of claims and defenses.

    Plaintiff's intended witnesses will at least include the listed inventor of the '941 Patent, as well as one or more representatives to provide testimony on Deckers'

3

ownership and prosecution of the '941 Patent, Deckers' ownership and use of the Fluff Yeah Trade Dress, Deckers' products covered by the '941 Patent and the Fluff Yeah Trade Dress, and to the extent relevant to damages, Deckers' lost profits due to Defendant's infringement.

Defendant's intended witnesses will include one or more representatives to provide testimony on the purchase or importation of the Accused Products, the advertising, marketing, and promotion of the Accused Products, and the sale of the Accused Products.

**E.    INSURANCE**

Defendant does not have any applicable insurance nor intends to submit the matter to its insurance carrier and further investigation regarding potential coverage is ongoing.  Plaintiff does not have any applicable insurance.

**F.    MAGISTRATE JUDGE**

The Parties do not consent to a magistrate judge preside over this action.

**G.    DISCOVERY PLAN**

The Parties do not believe discovery should be bifurcated or conducted in phases, and that modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules are not necessary at this time.

**1.    Initial Disclosures**

The Parties propose that no changes should be made to the form or requirement for making initial disclosures under Rule 26(a)(1).  The Parties agree to make their Initial Disclosures no later than **February 15, 2021**.

**2.    Written Discovery**

The Parties plan to serve Requests for Production, Interrogatories, and/or Requests for Admission as soon as possible after the Scheduling Conference and/or after issuance of the Scheduling Order and may serve additional written discovery within the limits of the Federal Rules.  The Parties agree that any motions challenging the adequacy of discovery responses shall be filed timely, served and calendared

4

sufficiently in advance of the discovery cut-off date to permit the revised responses to be obtained before that date, if the motion is granted.

### 3.   Depositions

The Parties plan to take at least the Rule 30(b)(6) depositions of the other party as well as any other witnesses with relevant information, the identities of whom are not yet known.  Depositions shall take place in advance of the discovery cut-off date and after the Parties complete written discovery necessary to conduct such depositions.

### 4.   Fact Discovery Cut-Off

The Parties propose **September 27, 2021** as the Fact Discovery Cut-Off Date in this matter, including resolution of all discovery motions.  The last day to hear discovery motions shall be the same as the last day to hear all motions.

### 5.   Expert Discovery Schedule

The Parties agree that all expert discovery and disclosures shall be governed under Fed. R. Civ. P. 26(a)(2), and propose the following expert discovery deadlines:

| | |
|---|---|
| **Initial Expert Disclosures Due:** | **September 20, 2021** |
| **Rebuttal Expert Disclosures Due:** | **October 15, 2021** |
| **Expert Discovery Cut-Off/Closed:** | **November 5, 2021** |

### 6.   Protective Order, Email Service and ESI

To the extent that discovery in this matter will require the production of documents containing confidential, proprietary, private, and/or sensitive information, the Parties agree to stipulate to entry of the Central District Model Protective Order. The Parties agree to service of any documents or ESI via email or other electronic means, but the Parties may still use any other method of service provided for under the Federal Rules (*e.g.*, mail, hand delivery) so long as notice is given to opposing counsel via email on the date of service using any other method allowed. Unless agreed otherwise, the Parties shall produce all documents in .PDF format, except for Microsoft Excel (e.g., .XLS, .CSV, etc.), Microsoft PowerPoint (.PPT), and Audio and/or Video Multi-Media (e.g., .MP3, .WAV, etc.), which shall be produced in native format.

If production of a particular document warrants a different format, the Parties agree to cooperate in arranging for a mutually acceptable production of such documents. The Parties agree not to degrade the readability of documents or searchability of ESI as part of the document production process.  Should issues arise regarding the service of documents or the production of ESI, the Parties agree to meet and confer in good faith to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  Should any email with attached files exceed 10 MB in size, the Parties agree to send such files via secure electronic file transfer or on a flash memory drive sent via overnight courier.

**H.   MOTIONS**

The Parties do not believe it is likely any motions seeking to add other parties or claims, file amended pleadings, or transfer venue will be filed.

**I.   CLASS CERTIFICATION**

A motion for class certification is not applicable to this action.

**J.   DISPOSITIVE MOTIONS**

Other than discovery motions, the Parties may move for summary judgment/adjudication if supported by facts and evidence obtained through discovery. Plaintiff believes that it may be appropriate to move for summary judgment on its patent and trade dress infringement claims.  The Parties propose **October 26, 2021** as the last day for hearing dispositive motions, with all such motions noticed at least thirty-five (35) days prior to the hearing date.

**K.   SETTLEMENT/ADR**

The Parties have engaged in preliminary settlement discussions and Defendant has informally provided documents necessary to such discussions, but the Parties have yet to reach a resolution.  The Parties believe that this case is best suited for **ADR Procedure No. 2**, mediation with an attorney settlement officer from the Court's panel and propose **October 14, 2021** as the last day to complete ADR.

**L.   PRETRIAL CONFERENCE AND TRIAL**

6

The proposed dates for the pretrial conference and trial are as follows:

**Pretrial Conference:**                    **January 7, 2022**

**Trial:**                    **January 27, 2022**

## M.   TRIAL ESTIMATE

The Parties agree to a **Jury Trial** and estimate trial will take **3-4 days**.  Each Party anticipates calling at least 3-5 witnesses at trial.

## N.   TRIAL COUNSEL

Trial Counsel for Plaintiff will be: (i) Brent H. Blakely (Lead Trial Counsel) and (ii) Mark S. Zhai.

Trial Counsel for Defendant will be: (i) Alexander Chen (Lead Trial Counsel), (ii) William Walz, and (iii) Theodore Lee.

## O.   INDEPENDENT EXPERT OR MASTER

The Parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

## P.   OTHER ISSUES

The Parties are unaware of any other issues affecting the status or management of the case that should be discussed with the Court, nor to the Parties have any proposals regarding severance, bifurcation, or other ordering of proof.


Dated:  January 28, 2021                    /s/ *Mark S. Zhai*

Brent H. Blakely
Mark S. Zhai
***Attorneys for Plaintiff***
***Deckers Outdoor Corporation***

Dated:  January 28, 2021                    /s/ *Theodore S. Lee*

William R. Walz
Alexander Chen
Theodore S. Lee
***Attorneys for Defendant***
***Forever Link International, Inc.***


## ATTESTATION RE ELECTRONIC SIGNATURES

1        The filer of this document attest that all other Signatories to this document, on

2  whose behalf this filing is submitted, concur as to the content and have authorized their

3  signature and filing of the document.

4

5   Dated:  January 28, 2021              By:   /s/ Mark S. Zhai____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT RULE 26(F) REPORT**
2:20-cv-07575-FMO (JEMx)